```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  TEXARKANA DIVISION
```

**DOLE AIR, INC.**                                                **PLAINTIFF**

        v.        Civil No. 10-4147

**CITY OF TEXARKANA, ARKANSAS;**
**HORACE SHIPP, Individually**
**and in his Official Capacity**
**as Mayor of Texarkana, Arkansas;**
**TEXARKANA AIRPORT AUTHORITY; and**
**STEVEN LUEBBERT, Individually and**
**in his Official Capacity as**
**Director of the Texarkana**
**Airport Authority**                                              **DEFENDANTS**

### O R D E R

Now on this 21st day of January, 2011, comes on for consideration **Defendants' Motion To Dismiss For Plaintiff's Failure To State A Claim** (document #3), and from said motion, and the response thereto, the Court finds and orders as follows:

1.  Plaintiff brought suit against the City of Texarkana, Arkansas ("Texarkana") and its Mayor, Horace Shipp ("Shipp"), alleging that they are responsible for damage to its aircraft while stored at an airport owned by Texarkana.  Plaintiff further alleged that Shipp was responsible for selling the aircraft in a dispute over storage fees.

2.  Texarkana and Shipp move to dismiss for failure to state a claim, pursuant to **F.R.C.P. 12(b)(6),** contending that they have no "right to control, participate in the management and operation of, or act on behalf of" the Texarkana Airport Authority, which

they allege to be the party responsible for operation of the Texarkana Municipal Airport.

3. Plaintiff amended his Complaint to assert claims against the Texarkana Airport Authority and its Director, but responds to the motion now under consideration that, when the allegations of its Complaint are taken as true, it states a claim against Texarkana and Shipp. Plaintiff therefore opposes the motion.

4. It is settled law that

> to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

**Ashcroft v. Iqbal**, **129 S.Ct. 1937, 1949 (2009)** (internal citations and quotation marks omitted).

5. The Court agrees with plaintiff that the Complaint meets the **Iqbal** standard, even though it appears likely that Texarkana and Shipp will ultimately be dismissed if the facts are as they assert in their motion. "A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary factual allegations." **Krentz v. Robertson Fire**

**Protection District**, 228 F.3d 897, 905 (8th Cir. 2000).

**IT IS THEREFORE ORDERED** that **Defendants' Motion To Dismiss For Plaintiff's Failure To State A Claim** (document #3) is **denied**.

**IT IS SO ORDERED.**

                                                         /s/ Jimm Larry Hendren
                                                         **JIMM LARRY HENDREN**
                                                         **UNITED STATES DISTRICT JUDGE**